# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　Plaintiff<br><br>v.<br><br>DESERT CRYSTAL DRIVE HOMEOWNERS ASSOCIATION, INC., et al.,<br><br>　　　　Defendants | Case No.: 2:16-cv-02957-APG-DJA<br><br>**Order Granting Plaintiffs' Motion for Partial Summary Judgment**<br><br>[ECF No. 27] |

Plaintiff Federal National Mortgage Association (Fannie Mae) moves for summary judgment on its declaratory relief claim. It argues that the non-judicial foreclosure sale conducted by the homeowners association (HOA) did not extinguish the deed of trust because Fannie Mae owned the note and deed of trust at the time of the sale, and the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) precludes the sale from extinguishing Fannie Mae's interest in the property without the express consent of the Federal Housing Finance Agency (FHFA). It also argues that Bank of America tendered the superpriority amount prior to the sale, thereby preserving the deed of trust. No defendant responded to the motion.[1]

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

[1] Fannie Mae and defendant Desert Crystal Drive Homeowners Association, Inc. settled. ECF No. 29.

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [FHFA] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[] or sale without the consent of [FHFA]." The question of whether the federal foreclosure bar preserves Fannie Mae's interest in this property following the HOA foreclosure sale is controlled by *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in property without FHFA's affirmative consent. *Id.* at 927-31. That court accepted as proof of ownership the same type of evidence that the plaintiffs offer in this case. *Id.* at 932-33; *see also* ECF No.27-3.

No defendant disputes that Fannie Mae owned an interest in the loan and deed of trust at the time of the HOA foreclosure sale. Because none of the defendants responded to the plaintiffs' motion, there is no evidence raising a genuine dispute about Fannie Mae's interest, and none of the defendants requested relief under Federal Rule of Civil Procedure 56(d).

Consequently, no genuine dispute remains that Fannie Mae owned an interest in the property at the time of the HOA foreclosure sale. As a matter of law, Fannie Mae's interest in the property was not extinguished by the HOA foreclosure sale and remains an encumbrance on the property because the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) prevents the non-consensual foreclosure of FHFA's assets, including those it holds as Fannie Mae's conservator.

Fannie Mae asserted alternative damages claims against the HOA's foreclosure agent, defendant Hampton & Hampton Collections, LLC. ECF No. 1. Because those claims were alternative to the declaratory relief claims, I dismiss them as moot.

I THEREFORE ORDER that the plaintiffs' motion for partial summary judgment (**ECF No. 27**) **is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Federal National Mortgage Association and against defendant LN Management LLC Series 2752 Desert Crystal as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on April 18, 2013 did not extinguish Federal National Mortgage Association's interest in the property located at 2752 Desert Crystal Drive in Las Vegas, Nevada, and thus the property is subject to the deed of trust.

I FURTHER ORDER that plaintiff Federal National Mortgage Association's alternative damages claims against defendant Hampton & Hampton Collections, LLC are dismissed as moot, and the clerk of court is instructed to close this case.

DATED this 8th day of June, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE